# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In re: A. M.**

**vs.) No. 17-1065** (Wood County 17-JS-11W)

**FILED**

**October 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner A.M., by counsel Reggie R. Bailey, appeals the Circuit Court of Wood County's November 6, 2017, dispositional order committing him to the custody of the Division of Health and Human Resources ("DHHR") for placement in a Level II structured residential treatment facility and continuing his probation until age eighteen.[1] Respondent State of West Virginia, by counsel Scott E. Johnson, filed a response. On appeal, petitioner contends that the circuit court erred in placing him in the Level II facility rather than with one of his parents.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 31, 2017, the State initiated juvenile proceedings against petitioner alleging that he was habitually absent from school without good cause. At an adjudicatory hearing held on May 15, 2017, petitioner admitted to the allegations contained within the petition, and the circuit court adjudicated him as a status offender. The court also referred petitioner to the DHHR for services, directed the DHHR to submit monthly progress reports, and ordered that a Comprehensive Assessment and Planning System ("CAPS") assessment and psychological evaluation be completed.

The DHHR submitted a progress report for July of 2017 detailing that petitioner violated five of the "Terms and Conditions for Status Offenders" to which he had previously agreed. Specifically, petitioner failed to report to his Youth Service Worker as required, snuck out of his home, failed to attend summer school, was without adult supervision by leaving his home, and failed to truthfully answer questions regarding his summer school attendance. Accordingly, the State filed a "Motion for Modification of Disposition," and the parties appeared for a hearing on

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

this motion on September 22, 2017. At this hearing, petitioner admitted to all of the allegations contained within the progress report, except for the allegation that he failed to truthfully answer questions regarding his summer school attendance. As a result of these admissions, the circuit court ordered that the DHHR take temporary custody of petitioner for placement in a non-secure shelter facility pending disposition.

Angela Elms, a juvenile probation officer, completed a "Court Report" to assist the circuit court with petitioner's disposition. Within the report, Ms. Elms detailed petitioner's family, personal, educational, and legal history. Ms. Elms documented petitioner's admitted drug use, declining grades, and numerous transgressions at school that resulted in both in-school and out-of-school suspension. Ms. Elms also noted petitioner's "history of truancy, substance abuse, negative social influences, anger issues, and behavioral problems" along with his "lack of regard [for] authority, . . . poor coping skills" and poor decision-making skills. These circumstances led Ms. Elms to opine that petitioner needed "a more structured environment," and she specifically recommended placement in a Level II facility.

Petitioner's Multi-Disciplinary Team ("MDT") met and submitted a report dated October 23, 2017. The MDT documented that petitioner "continued to skip class and received an out[-]of[-]school suspension for five days for having inappropriate boundaries with a teacher."[2] Petitioner, who was placed in a youth shelter following the September 22, 2017, hearing, also had problems at the youth shelter, including fighting with another youth. The MDT observed that petitioner's "continued behaviors at the shelter are cause for concern." Petitioner was afforded in-home services, but they were "unsuccessful due to [petitioner's] behaviors." Accordingly, the MDT recommended that petitioner be placed in a Level II residential program to treat both his behavior and substance abuse issues.

Petitioner's CAPS assessment and psychological evaluation were consistent with his other evaluations in terms of the information reported and recommendation offered. The CAPS evaluator stated that petitioner

> should be placed at a residential facility at this time. He was placed on probation and gave little regard to the rules set in place. He continued to skip school, smoke marijuana, and was not listening at home. Then he was placed in a shelter where he had an altercation with a peer and then was suspended from school for a separate incident.

Again, a recommendation was made that petitioner be placed in a residential program because he was "unlikely to be successful presently if he[] were to return to his home. He does not respect rules and does not seem to fear consequences. I fear that a return home will only result in a continued lack of progress and compliance." The evaluators concluded that, without placement in a residential program, petitioner's "prognosis is poor." In short, all of the professionals who evaluated petitioner were in agreement that returning home would not be in petitioner's best

---

[2]Petitioner reportedly asked a teacher to make change for a twenty dollar bill. In handing her the money, he pulled on her shirt collar and attempted to put it down her shirt.

interests and that placement in a residential program would provide his best chance for a positive outcome.

The parties appeared for a dispositional hearing on November 3, 2017. The circuit court found, after

> taking into consideration the best interests and welfare of both the public and the child, that the child is in need of extra-parental supervision under the supervision of a Probation Officer of this [c]ourt; that the child is in need of having prescribed for him a program of treatment and therapy and a program limiting his activities under terms which are reasonable and within the child's ability to perform.

The court further found that

> continuation in the home is contrary to the best interest of the child because he was not attending school as is required, he received in[-]school suspension, he continued to not follow rules within the home, continued to sneak out of the home and did not keep in contact with his Youth Services worker; that the [DHHR] has made reasonable efforts to prevent placement outside the home through in-home services, CAPS Assessment, psychological evaluation, shelter placement, DHHR supervision, informal probation supervision and medication management; and that the best interest and welfare of the public and the child require that the temporary custody of the child remain with the [DHHR] for placement in an appropriate Level II structured residential treatment facility[.]

The court, therefore, ordered that petitioner's custody remain with the DHHR for placement in a Level II structured residential treatment facility and that he remain on probation until age eighteen. These rulings were memorialized in an order dated November 6, 2017, and it is from this order that petitioner appeals.

On appeal, petitioner argues that the circuit court erred in placing him in the Level II facility rather than with one of his parents. In support, petitioner highlights that the instant proceeding was his first juvenile petition, and only one progress report was completed prior to disposition. Petitioner also notes that the State's motion for modification was filed just as the new school year was beginning. Petitioner believes that additional services coupled with probation would have been sufficient to address his problems, and that the circuit court did not employ the least restrictive alternative.

"[T]he standard of review with regard to a circuit court's sentencing order or disposition . . . is whether the circuit court's ruling constitutes an abuse of discretion." *State v. Kenneth Y.*, 217 W.Va. 167, 170, 617 S.E.2d 517, 520 (2005) (citations omitted). "[D]iscretionary, dispositional decisions of the trial courts should only be reversed where they are not supported by the evidence or are wrong as a matter of law." *In re Thomas L.*, 204 W.Va. 501, 503, 513 S.E.2d 908, 910 (1998) (internal quotations and citation omitted).

3

Given this highly deferential standard of review, we find no error in the circuit court's disposition. The professionals who evaluated petitioner all opined that returning petitioner to one of his parents would not be in his best interest and recommended placement in a Level II treatment facility. Given that petitioner continued to miss school, fought with another individual at the group home, and otherwise failed to follow rules after the initiation of the instant proceedings, we find no support for petitioner's assertion that additional services and probation would have been sufficient to address his problems. Thus, we find that the circuit court did not abuse its discretion in ordering placement at a Level II facility.

For the foregoing reasons, the circuit court's November 6, 2017, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  October 19, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating